UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL MIDDLETON,

    Plaintiff,                                         Case No.
                                                      Hon.

v.

MOBILE WATERPROOFING, INC.,

    Defendant.

_____

Samuel L. Estenson (P82414)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
sestenson@nachtlaw.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Middleton, by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

### INTRODUCTION

This is an action for money damages, liquidated damages, punitive damages, costs, attorneys' fees and other relief on behalf of Plaintiff Michael Middleton, who has suffered violations of the Families First Coronavirus Response Act ("FFCRA"), the Emergency Paid Sick Leave Act ("EPLSA") (a part of the FFCRA), the Michigan Public Act 238 of 2020, MCL 419.401, *et seq*. and the Michigan

Whistleblower Protection Act ("WPA"), MCL 15.362, *et seq.*, as a consequence of his unlawful termination by Defendant Mobile Waterproofing, Inc.

## PARTIES AND JURISDICTION

1. Plaintiff Michael Middleton (hereinafter referred to as "Plaintiff") is an individual residing in Rose City, Michigan, which is located in Ogemaw County.

2. Defendant Mobile Waterproofing, Inc. (hereinafter referred to as "Mobile Waterproofing") is a company with its registered business address in Midland, Michigan, which lies in Midland County and the Eastern District of Michigan.

3. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Families First Coronavirus Response Act ("FFCRA"), 29 C.F.R. § 826.150(a); Pub. L. No. 116-127, § 5104, 134 Stat. 178 (2020). This Court also has pendent jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims.

4. Venue is proper in this Court because Mobile Waterproofing has a registered business address located in Midland County, conducts business within Midland County, and the events described herein occurred in Midland County.

## GENERAL ALLEGATIONS

5. Mobile Waterproofing is a domestic profit corporation incorporated under the state laws of Michigan registered and located in Midland, Michigan.

6. Plaintiff worked as a laborer at Mobile Waterproofing from approximately August 10, 2020 through December 23, 2020.

7. Plaintiff worked on-site for Mobile Waterproofing in 2020 despite the global COVID-19 pandemic.

8. Even with the increased risk of exposure, Plaintiff performed his duties diligently and admirably.

9. Because of the pandemic, Plaintiff was properly vigilant over his own health condition, helping to protect those around him.

10. On or about November 23, 2020, Plaintiff began to exhibit symptomology consistent with COVID-19.

11. Plaintiff immediately informed Mobile Waterproofing that he was experiencing COVID-19-like symptoms.

12. After reporting and instead of going to work, Plaintiff immediately sought medical treatment.

13. Plaintiff was given a COVID-19 test.

14. Plaintiff's physician instructed him not to report back to work until December 4, 2020, or until receiving a negative COVID-19 test <u>and</u> waiting 3 days after all his symptoms subsided.

15. The COVID-19 test came back negative on November 26, 2020

16. Plaintiff's symptomology subsided on December 4, 2020.

17. Plaintiff returned to work on December 4, 2020.

18. Plaintiff asked Ben Hayes, the owner of Mobile Waterproofing, about payment for his time off under the FFCRA.

19. Plaintiff had not received pay for his time off during his prescribed quarantine period.

20. Hayes falsely told Plaintiff via text message that he was not covered by the FFCRA.

21. Plaintiff was also falsely informed that the FFCRA did not apply to Mobile Waterproofing.

22. As a result, Plaintiff contacted the Michigan Department of Labor ("DOL").

23. The Michigan DOL opened a case and assigned an investigator to the matter.

24. In the interim, Plaintiff returned to work at Mobile Waterproofing.

25. Despite the investigation, he continued to complete his work professionally, diligently, and admirably.

26. On December 23, 2020, the Michigan DOL investigator contacted Mr. Hayes.

27. This was the first time Mobile Waterproofing was put on notice of Plaintiff's protected reporting activity.

28. That was also the last day Plaintiff worked for Mobile Waterproofing.

29. On or about December 27, 2020, Mr. Hayes messaged Plaintiff, saying "I don't need you to come in tomorrow we don't have a lot of work."

30. Plaintiff responded asking whether he would be working the rest of the week.

31. Mr. Hayes responded: "I don't know yet we are running out of work that we can do below freezing and seasonal layoffs will begin."

32. Plaintiff was shocked when he received Mr. Hayes's last message.

33. Upon hire, Mr. Hayes had told Plaintiff the job was not seasonal.

34. Based on the workload from the previous week, there was no shortage of work.

35. Mobile Waterproofing refused to return Plaintiff to work, and he was effectively terminated December 27, 2020.

36. Mr. Hayes's reason for terminating Plaintiff was pre-textual.

37. Plaintiff's termination was characterized as a "seasonal layoff" to obscure its improper purpose.

38. Upon information and belief, Mobile Waterproofing retained all its other employees and no "seasonal layoffs" occurred.

39. In fact, Plaintiff was terminated for engaging in protected reporting activity to Michigan's DOL.

40.     Had Plaintiff not reported Mobile Waterproofing to the DOL, he would not have been terminated from his position at Mobile Waterproofing.

## COUNT I
### (VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT, THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT)

41.     Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

42.     At all relevant times, Mobile Waterproofing was a covered employer as defined by the EPSLA/FFCRA, and the applicable federal regulations.

43.     The FFCRA governs employers with less than 500 employees.

44.     Mobile Waterproofing has less than 500 employees.

45.     Mobile Waterproofing retaliated against Plaintiff for quarantining in contravention of the FFCRA.

46.     Plaintiff's termination violates the FFCRA.

47.     Notably, the FFCRA states that it is unlawful for any employer to "discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act."  An employer that does so is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation, which include lost wages, an equivalent amount of liquidated damages (*i.e.*, double damages), and attorney's fees and costs.

48. Plaintiff required leave for "a qualifying need related to a public health emergency."

49. Mobile Waterproofing interfered with and denied Plaintiff his EPSLA/FFCRA rights as described above and herein, including, but not limited to, refusing to pay Plaintiff during his time off and discharging Plaintiff from his position in retaliation for exercising his rights under the EPSLA/FFCRA.

50. Mobile Waterproofing's actions were intentional, with deliberate disregard for the rights and sensibilities of Plaintiff.

51. Mobile Waterproofing's termination of Plaintiff for lawfully quarantining has directly and proximately caused Plaintiff damages, including embarrassment, humiliation, outrage, mental distress, and economic loss.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### COUNT II
### (VIOLATION OF PUBLIC ACT 238 OF 2020, MCL 419.403)

52. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

53. On October 22, 2020, the Michigan legislature passed Public Act 238 of 2020, including MCL 419.403, which creates new protections for employees and

7

is designed to "prohibit an employer from taking certain actions against an employee who does not report to work under certain circumstances related to COVID-19; to prohibit an employee from reporting to work under certain circumstances related to COVID-19; to prohibit discrimination and retaliation for engaging in certain activities; and to provide remedies."

54. MCL 419.403 states that an employer "shall not discharge, discipline, or otherwise retaliate against an employee who (a) complies with the stay-home provisions set forth [in the Act]; (b) Opposes a violation of this act; or (c) Reports health violations related to COVID-19."

55. Plaintiff complied with the "stay home provisions" of the Act when he quarantined after seeking medical attention when he was exhibiting COVID-19 symptomology.

56. Plaintiff was terminated in retaliation for quarantining pursuant to his physician's advice.

57. MCL 419.407(1) states, "[a]n employee aggrieved by a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both, in the circuit court for the county where the alleged violation occurred or for the county where the employer against whom the action is filed is located or has its principal place of business."

58. MCL 419.407(2) states, "[a] court shall award to a plaintiff who prevails in an action brought under this act damages of not less than $5,000.00."

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT III
### (VIOLATION OF MICHIGAN WHISTLEBLOWER PROTECTION ACT, MCL 15.362)

59. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

60. At all relevant times, Mobile Waterproofing is an employer as defined by the Whistleblower Protection Act, MCL 15.361.

61. Plaintiff engaged in protected activity under MCL 15.362 when he reported Mobile Waterproofing's violation of federal law to the Michigan DOL.

62. Plaintiff acted in good faith and made a report to the DOL he believed to be true.

63. Mobile Waterproofing was aware of Plaintiff's protected activity.

64. MCL 15.362 states that: "An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee

[reports] a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body . . ."

65. Mobile Waterproofing terminated Plaintiff in retaliation for his protected reporting activity in violation of MCL 15.362.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, fringe benefits, actual damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## **RELIEF REQUESTED**

For the foregoing reasons, Plaintiff Michael Middleton demands judgment against Mobile Waterproofing as follows:

a. Declare the practices and actions of Mobile Waterproofing as illegal under the FFCRA, EPLSA, Public Health Michigan's Public Act 238 of 2020, and WPA.

b. Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and any other damages available by law;

c. Award liquidated damages pursuant to the FFCRA;

d. An award of interest, costs, and reasonable attorneys' fees; and

e. Whatever other relief this Court finds appropriate.

Respectfully Submitted,

                                          NACHTLAW, P.C.

                                          /s/ *Samuel L. Estenson*
                                          Samuel Estenson (P82414)
                                          Attorneys for Plaintiff
                                          101 N. Main Street, Suite 555
                                          Ann Arbor, MI 48104
                                          (734) 663-7550

Dated: March 22, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MICHAEL MIDDLETON,

    Plaintiff,                                  Case No.
                                                          Hon.

v.

MOBILE WATERPROOFING, INC.,

    Defendant.

_____

Samuel L. Estenson (P82414)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
sestenson@nachtlaw.com

_____

## **DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff Michael Middleton, by and through his attorneys, NachtLaw, P.C., and demands a jury trial for all issues so triable.

                                                  Respectfully Submitted,

                                                  NACHTLAW, P.C.

                                                  /s/ *Samuel L. Estenson*
                                                  Samuel Estenson (P82414)
                                                  Attorneys for Plaintiff
                                                  101 N. Main Street, Suite 555
                                                  Ann Arbor, MI 48104
Dated: March 22, 2021                  (734) 663-7550